# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL O. BOYK, | ) | 1:08cv01951 DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 18, 2008, Plaintiff, proceeding in forma pauperis and with counsel, filed the present action for judicial review of the denial of Social Security benefits.

On August 3, 2009, the Court granted Plaintiff's attorney's motion to withdraw as counsel. Plaintiff was substituted in pro se and the dates in the Scheduling Order were extended 45 days "for Plaintiff to find new counsel, continue the action in pro se, or dismiss the action." Plaintiff was served with the order on August 18, 2009. Plaintiff did not inform the Court of new counsel, nor did he indicate that he wants to dismiss the action. Pursuant to the Court's order, an opening brief was therefore due on or before September 17, 2009.

On October 13, 2009, almost one month after Plaintiff's brief was due, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to file an

opening brief. Plaintiff was given twenty days to respond, but did not file a response or otherwise contact the Court.

**DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This case has been pending since December 18, 2008. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's October 13, 2009, order to show cause expressly stated that failure to respond would result in dismissal of the action. Thus, Plaintiff had adequate warning that a recommendation of dismissal would result from non-compliance with the Court's order.

## ORDER

Accordingly, Plaintiff's action is DISMISSED for failure to follow the Court's orders and failure to prosecute this action. This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **November 23, 2009**               /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE